Shauck, J.
The plaintiffs* sue for themselves and one hundred and twenty-five others, having a common interest with them, to enjoin the collection of assessments made by the city for the improvement of Livingston avenue and transferred to McCloud and Geigle, who performed the work under a contract with the city.
The improvement was by removing the mud and loose earth from the street, and by placing thereon crushed Marion stone covered with a coat of sand.
There was not at the time of making the contract on file in the office of the city engineer any plans or specifications for the proposed improvement; and although the estimated cost exceeded five thousand dollars, the advertisement for bids was in one paper for two weeks instead of two papers for four weeks as required by section 2303 of the Revised Statutes.
It is settled that the failure to advertise for bids in conformity with the provisions of the statute renders illegal the contract and the subsequent assessment; but that it may be enforced to the extent that expense has been incurred which is properly chargeable against the property, such enforcement being contemplated and provided for in the curative provisions of section 2289 of the Revised .Statutes. Upington et al. v. Oviatt, Treas. et al., 24 Ohio St. 232.
It is said, however, that because of the failure to provide plans and specifications for the improvement the city council *306 was without jurisdiction to provide for the improvement, and that, in consequence, the assessments must fail utterly— that this is a defect not within the scope of the curative provisions. Such “ plans and specifications,” it is contended, are required by section 2304 of the Revised Statutes. The only relevant provision of that section is that “ all plans and profiles relating to the improvement shall be recorded and kept on file in the office of the city civil engineer or clerk, and open to the inspection of all parties interested.” This does not require that plans and profiles shall be- made for all improvements contemplated in the chapter, nor does it seem to contemplate that they will be made for improvements of this character. But if it be conceded that they are required, their omission can not have the effect claimed. The city council had previously, by resolution, declared the necessity for making the improvement, and had by ordinance ordained how the improvement should be made, and notice thereof had been given to all of the plaintiffs. These were the steps by which council acquired jurisdiction.
In Steese et al. v. Oviatt et al., 24 Ohio St. 248, the court considered a case in which plans and specifications for the improvement had been prepared, but only twenty-one days before bids were to be received. It was assumed that they were required for the improvement there made, but, nevertheless, held that the failure to have them on file during the time that the advertisement for bids was required to run, brought the case within the curative provisions of the statute. If the preparation of the-plans and profiles is essential to the jurisdiction of the council, we do not perceive upon what principle, such partial compliance with the supposed requirement of the statute could be regarded a-s sufficient.
We conclude, therefore, that, although the assessment made by the council is not legally valid, the property of the plaintiffs is properly chargeable with the reasonable expense of making the improvement. In this action, we are not required or authorized to review the discretion exercised by the council in selecting the material to be used in making the improvement, or to inquire into the propriety of the grade established by the engineer. It is chiefly to these that the complaints of the property holders relate.
Barnhart, Hunter & Butler, for plaintiffs.
James Garen and Booth & Keating, contra.
To enable us to determine the reasonable cost of the improvement, the plaintiffs have introduced testimony showing that just before, and during the trial, examinations were made at various points to ascertain the depth of broken stone, and of estimates of the amount based upon such examination. In view of the remoteness of these points of observation, the admitted unevenness of the surface of the street before the improvement was made, and the extent to which the material has been packed and worn since the completion of the work, this mode of ascertaining the real cost would be very uncertain. There is no propriety in resorting to it, when we have before us reliable evidence of the actual outlay, and satisfactory proof that the prices paid for material and labor were reasonable. Deducting from the amount expended the item for hardware, and adding three hundred dollars for the services of the contractors and the use of tools, we find the reasonable cost of the improvement to be six thousand nine hundred and ninety-five and 96-100 dollars.